USDC SCAN INDEX SHEET

















R1R   1/26/06    8:28

3:06-CV-00124   V. CARNOHAN

*1*

*CMP.*

Michael Casey Carnohan,
Unrepresented Litigant
743 Honeydew Ln
Vista, CA  92084
(760) 724-1745

FILED

06 JAN 23 PM 4:41

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# U.S. DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of the denial of a firearm by the FBI Appeal Unit [AND] the California State Firearms Denial Review Unit: <br><br> Michael Casey Carnohan; <br>  Plaintiff <br><br> v. <br><br> The United States [AND] The State of California, [AND] Does (1..100); <br>  Defendants | Case No. <br><br> '06 CV 0124  LAB BLM <br><br><br><br><br><br><br><br> **A CIVIL ACTION FOR LOSS OF PROPERTY** <br><br> [28 USC 1346(b)] |

## PLAINTIFF'S COMPLAINT

The Plaintiff claims the government caused him to lose his property.  As a

law abiding citizen falsely prevented from owning his property, the

Plaintiff makes this complaint against the United States and the State of

California under Federal Tort Claims Act 28 USD 1346(b) for monetary

damages,  and any other relief granted by this court.

1

1
2

# TABLE OF CONTENTS

A CIVIL ACTION FOR LOSS OF PROPERTY                1

Plaintiff's Complaint                                              1

Jurisdictional Prerequisites                                    2

    Filing a Claim against the State of California        2

    The State as a Party                                       3

    Filing a Claim against the Federal Government     4

    Time to file a complaint                                 5

    **Failure of FBI to comply with 28 usca 2401(b)**     5

    Does Defendants                                        6

Subject Matter Jurisdiction                                   7

Personal Jurisdiction                                           7

Bivens, 18 USC 925A et al                                  7

Right to Sue                                                      8

BACKGROUND                                               9

    Judicial Notice of Prejudice                            10

ARGUMENT                                                  11

    First Cause of Action                                  11

    **The government misaplied 18 USC 922(e)(4)**

    Time as a qualifier of committment                   12

    Voluntary Admission                                   13

ii

# TABLE OF CONTENTS, CONTINUED

Second Cause of Action                                    16

**The government is in violation of 28 USC 1346(b)**

Property                                                  16

Regulation of Weapons                                     17

**Money Damages**                                         19

**CONCLUSION**                                            20

Verification                                              21

A Civil Action for Loss of Property

# TABLE OF AUTHORITIES

## CASE LAW

Bivens v. Six Unknown named Agents of the Federal Bureau
of Narcotics, 403 US 388 (1971)

Folley v. Henderson, 175 F Supp 2d 1007 (SD Ohio 2001)          8

In re Appeal of Mental Health Case No. MH 94-00592 (App),       14
182 Ariz 440 (1995)

Splett v. Splett, 143 Ill 2d 225 (1991)                        14

In re Blair (Dist Col App), 510 A2d 1048 (1986)                14

In re R.L. (Vt), 657 A2d 180 (1995)                            14

People v. Wells, 68 Cal. App. 2d 476 (3rd Dist 1945)           17

Galvan v. Superior Court of City and County of San Francisco,  17
70 Cal. 2d 851 (1969)

Suter v. City of Lafayette, 57 Cal. App 4th 1109               17
(1st Dist. 1997)

People v. Seale, 274 Cal. App. 2d 107 (1st Dist. 1969)         17

## CONSTITUTIONS

US Const, Article I, Section 8

## FEDERAL STATUTES

Federal Tort Claims Act 28 USD 1346(b)                    1,7,8,16,18,
                                                          19,21

FRCP 8(c) F                                               4

Federal Tort Claims Act (FTCA) (28 USCA 2401(b).          4

28 USCA 2401(b)                                           5,6

18 USC 925A                                               7

**A Civil Action for Loss of Property**

## TABLE OF AUTHORITIES, CONTINUED

### FEDERAL STATUTES, CONTINUED

| | |
|---|---|
| 28 USC 2680 | 8 |
| 18 USC 922 | 9,11,17,18, 20 |
| 18 USC 922(e)(4) | 11,15,16 |
| The Gun Law of 1968 | 16 |
| The Brady Bill | 16 |
| 1974 Gun Law | 20 |

### CALIFORNIA STATE STATUTES

| | |
|---|---|
| CCP 1049 | 2 |
| Civ. Code 657 | 16,19 |
| Civ. Code 663 | 16,19 |
| Civ. Code 655 | 16,19 |

### SECONDARY LEGAL SOURCES

(Handling Federal Tort Claims, Jayson & Longstreth, p. 2-78, 2-79, (2005))

("Patient Consent - Mental Competency", 25 ALR 3d para 2, 1440 (2002))

v

**Jurisdictional Prerequisites**

As this case was previously filed, answered, and dismissed without prejudice, the Plaintiff has paid particular attention in this filing to satisfying jurisdictional prerequisites to ensure the substantive merits of this case are reached beyond procedural law.

For example, the Plaintiff was required to file a claim against the State of California and the Federal Government prior to submitting this complaint against both the State of California and the United States.

Filing a Claim against the State of California

The California State Firearms Denial Review Unit ("Firearms Unit") first denied the Plaintiff posession of a firearm on January 21, 2004, per correspondence to Johnson's Sporting Goods on letterhead from the State Attorney General's Office.  (See Exhibit A:  Letter to Johnson's Sporting Goods)

The Plaintiff appealed the Firearm's Unit denial on September 13, 2004 to the FBI Appeals Unit. **The Firearm Unit's denial was therefore pending.**  (See Exhibit B:  Appeal of Denial of Application for Handgun Safety Certificate) "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." (CCP 1049).

2

The FBI decided the Plaintiff's appeal on April 6, 2005. (See Exhibit E: Letter from FBI, April 06, 2005). The Plaintiff therefore had one year from April 06, 2005, to submit a claim against the State of California. The Plainitiff submitted a claim against the State on May 26, 2005. (See Exhibit C: State Government Claim.)

The Plaintiff received a copy of the State Board of Control's decision on his claim from the State Attorney General's Office on January 3, 2006 despite several ignored requests for the decision from the Control Board. (See Exhibit D: State Control Board Decision, July 26, 2005). The Control Board exceeded the 45 day statutory time limit for decision by 15 days, and presumptively disavows jurisdiction over the FBI, which it alleges is the agency responsible for any damage done to the Plaintiff. This is incorrect, as the Firearms Unit, a State agency, *merely cited to federal law to prohibit ownership of the Plaintiff's firearm.* That a State agency wielded a federal instrument does not relieve the State from the responsibility and culpability of it's customary function of acting as the arm of enforcement *for the State.*

The State as a Party

The disposition of the California State Control Board does not excuse the State as a party since the conclusion by the Control Board blatently overlooks the force and effect of the State on the permitting process of handguns in California.

3

A Civil Action for Loss of Property

The State Firearms Denial Unit took direct action against the Plaintiff to prohibit posession of the subject firearm,  Johnson's Sporting Goods is regulated *by the laws of the State*, and the letter to Johnson's Sporting Goods denying posession of the subject firearm to the Plaintiff *is on the State Attorney General's letterhead, signed by the State Attorney General.*

**The State of California is a party to this action.**

Further, the Plaintiff has exercised due diligence in filing a claim against the State of California, representing its agency, the Firearms Unit.  That the State improperly and without legal basis denies jurisdiction in an area of enforcement it has clear and common authority in no way excuses it from liability to the Plaintiff as if it were a person.

The Control Board states "The Board will take no further action on your claim," satisfying the jurisdictional prerequisite for the Plaintiff to submit a complaint naming the State of California as a party within six months of July 26, 2005, or by January 26, 2006.

Filing a Claim against the Federal Government

Two statutes of limitations apply to the Plaintiff's filing of his complaint, pursuant to FRCP 8(c) and the Federal Tort Claims Act (FTCA) (28 USCA 2401(b).  One is the time limit to file a **claim,** which is two years from the date of damage to the Plaintiff by a government agency.  The other is the time limit to file a **complaint**, which is six months from the claim denial date of the pertinent government entity.

4

**A Civil Action for Loss of Property**

The Plaintiff received notification from the FBI Appeals Unit ("FBI") on April 06, 2005, indicating the Plaintiff's appeal to the FBI was closed. The letter states: "no further action can be taken by the FBI NICS section..." (see Exhibit E: Letter from FBI, April 06, 2005)    The Plaintiff's submission of a Federal Claim for Damage, Injury, or Death to the FBI Appeals Unit ("FBI") on May 26, 2005 is therefore **within the time limit** of two years.   (See Exhibit F: Federal Claim.)

Time to file a complaint

The Plaintiff is required to submit his complaint before January 26, 2006, which is the six month deadline for filing after the disposition of the California State Control Board. The Plaintiff overlooks the fact that the response from the FBI to the Plaintiff's claim was due November 26, 2005 and submitted January 09, 2006, 44 days late, even though any government entity would have held the Plaintiff to strict deadlines. (See Exhibit G: Letter from FBI, January 09, 2006)

Does Defendants

The AG has objected in a prior Answer to the inclusion of Does defendants in the caption of the Plaintiff's complaint on the grounds that individuals within the government are immune from prosecution. However, other individuals, such as Dr. Cole of CMH, could be companioned with this action, even if the cause of suit of such individuals falls under State jurisdiction, for example, malpractice. Many causes can be tried either by State or Federal Court, but Federal Tort Claims generally take precedence in Federal District Court and encompass matters pertinent to State jurisdiction.

5
**A Civil Action for Loss of Property**

### Subject Matter Jurisdiction.

Ownership of a firearm in the State of California is subject to approval of a Handgun Certificate, issued by the Firearms Unit. The Firearms Unit ultimately cited to federal law as justification for prohibiting the Plaintiff from owning a firearm. The Plaintiff appealed the Firearms Unit's decision to the FBI, which upheld the Firearms Unit's decision.

Subject jurisdiction is therefore before the United States because (1) the state agency Firearms Unit cited to federal law to support a prohibition and is therefore a Federal Question and (2) the FBI is a federal agency that conducts reviews of firearms' denials in due course, properly falling under review by the Federal Government.

### Personal Jurisdiction.

The Plaintiff established minimum contacts with a California State authorized gun dealer doing business within the Southern District's geographical jurisdiction. The AG has accepted service for this case within the Southern District. Personal jurisdiction is therefore established as the Federal Southern District.

### Bivens, 18 USC 925A et al

Supra Bivens is taken as irrelevant, as all government employees are considered to have acted within their capacity, and the Plaintiff recognizes the immunity of individual government employees. This case is not of necessity filed under 18 USC 925A. It is a civil action, filed properly under tort law **28 USC 1346(b)**, and is therefore not limited by 18 USC 925A.

**A Civil Action for Loss of Property**

**Right to sue**

The right to seek damages from the United States as sovereign has been established in 1946 by the Federal Tort Claims Act ("FTCA") and expanded by numerous revisions of the Act to the present.  The constitutional basis of the enactment of the FTCA is based on supra Article I, Section 8 of the US Constitution. (Handling Federal Tort Claims, Jayson & Longstreth, p. 2-78, 2-79, (2005))  Although an action under the FTCA is tempered by any action allowed by the state in which misconduct occurred (28 USC 1346(b)), the FTCA dictates the United States shall be liable like a private person in accordance with the law in the place where wrongful or negligent acts occurred, with certain exceptions (28 USC 1346(b), 2674).  None of the exceptions listed in 28 USC 1346(b), 2674, or 28 USC 2680 apply to the Plaintiff's complaint, and a private person could be sued in the place of the Federal Government in the State of California for the state government's unlawful withholding of the Plaintiff's property.

The Plaintiff has the right to sue the State of California simply from the State having acted as an agent of the Federal Government.  The State as a separate entity cannot claim immunity, as it is liable for its agencies' actions under the California Constitution. (citation omitted)

The Plaintiff concedes that the State and Federal government employees of the subject agencies were acting within their capacity.  The Plaintiff's remedy is therefore to sue the State and US governments (Folley v. Henderson, 175 F Supp 2d 1007 (SD Ohio 2001)).

7
**A Civil Action for Loss of Property**

**BACKGROUND**

This complaint concerns the prohibition of ownership of a firearm by State and Federal agencies. The improper application of the law by these agencies vaults the issue of property ownership into a higher consideration of a liberty interest of the Plaintiff, arbitrarily and prejudicly denied by the agencies. The question before the court is in fact whether improper government agency intervention opens the door to a complaint for the loss of the Plaintiff's property.

The Plaintiff purchased a firearm on January 13, 2004. For two years the Plaintiff's property has been unlawfully withheld from him as a consequence of the denial of a Handgun Certificate by the State of California Firearms Denial Review Unit ("Firearms Unit") and the FBI Appeals Unit ("FBI") These government agencies have misinterpreted 18 USC 922 as having application to a 5250 14 day hold entered in error by Dr. Cole in the Plaintiff's records for County Mental Health in San Diego, California, in October 1999.

The Plaintiff submitted a complaint on March 15, 2005 to the Southern District. The US Attorney's Office submitted an Answer on or about May 5, 2005. In her Answer, Deputy US Attorney Beth L. Levine ("AG")stated that "a claimant must present an administrative tort claim to the appropriate federal agency", and she was correct in stating the Plaintiff had not complied with this jurisdictional prerequisite.

<u>**A Civil Action for Loss of Property**</u>

On May 23, 2005, the Plaintiff therefore moved for involuntary dismissal, which was granted over the AG's objection on June 28, 2005 by the Honorable Judge Benitez. (See Exhibit H: <u>Order Granting Plaintiff's Motion to Dismiss Without Prejudice, June 28, 2005</u>). The Plaintiff also notified the State of a Notice of Dismissal on June 13, 2005 (See Exhibit I: <u>Notice of Dismissal.</u>)

<u>Judicial notice of prejudice</u>

The court is requested to take judicial notice of prejudicial factors contributing to bias and the prevention of the Plaintiff from receiving fair consideration. These include, but are not limited to, the historical and undeniable elevated credibility of the FBI, the Firearm Unit, and the Attorney General's Offices for the State and the United States, as compared to the Plaintiff's status as a mere common citizen.

Further, the Plaintiff's status as an unrepresented litigant is a prejudicial factor. The hatred of the legal community of citizens who represent themselves is beyond the power of many judicial officers to overcome, and therefore represents a power of prejudice that cannot be erased in the minds of those who entertain avarice on the basis of status.

Further, that the Plaintiff is unavoidably subject to preconceived notions of the Firearms Unit and the FBI, as demonstrated by their conclusory decisions absent legal basis, that an individual afflicted with bipolar disorder is not competent to own a firearm, *even though that is not what the law says.* is also a matter for judicial notice of prejudice by this court.

9

**A Civil Action for Loss of Property**

The court therefore has the burden to recognize and consider prejudice as a component of its decision, to dispense justice beyond mere words, to reach the merits of this case beyond the contamination of pre-existing notions.

## ARGUMENT

### The government misapplied 18 USC 922(e)(4)

### First Cause of Action

The FBI has denied the Plaintiff's appeal on the basis of 18 USC 922(g)(4). The text of the section reads as follows:

"(a) It shall be unlawful - (1) for any person (A) except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing or dealing in firearms...[(B)] the *manufacture of such ammunition for the purpose of exportation...[(B)] this* paragraph shall not be held to preclude a licensed importer, licensed manufacturer, or licensed dealer depositing a firearm for conveyance in the mails...[(B)] the manufacture of such ammunition for the purpose of exportation..

[(2) It shall be unlawful for any common or contract carrier to deliver in **interstate or foreign commerce** without obtaining written *acknowledgement of receipt from the recipient of the package or other* container in which there is a firearm.  (g)  It shall be unlawful for any person - [(4)] who has been **adjudicated** as a mental defective or who has been **committed to a mental institution."** (emphasis added) (USC Title 18 section 922)

**A Civil Action for Loss of Property**

18 USC 922 is an *interstate commerce law* which the Firearms Unit and the FBI has improperly applied as a "lifetime prohibition" of a firearm.

---

**Nowhere in 18 USC 922 does the language "lifetime prohibition" appear.**

**The Plaintiff was never adjudicated a "mental defective", so that section of 18 USC 922(g)(4) does not apply to him.**

**The term "mental defective" is not found or defined in common usage of the law, or in secular psychology.**

---

The central contested issue of this case then is the term "committed." The FBI maintains that a 5250 hold constitutes commitment to a mental institution, but there are distinctions between a temporary hold and long term commitment, and between voluntary and involuntary commitment, and both distinctions have direct bearing on prohibition.

Time as a qualifier of commitment

The government has essentially made an open admission that *the law does not define length of time as a qualifier for "commitment.* This is a prima facia argument that the Firearms Unit and the FBI are both out of their jurisdiction to decide whether a 5250 hold constitutes commitment.

11

**A Civil Action for Loss of Property**

The government has stated that a "permissible construction" of the __judiciary__ is required to decide whether a 5250 hold constitutes "committment to an institution". (emphasis added) (See __Answer__, US Atty, Sec B:6)

Any judicial "permissible construction" must be in concert with the law.

"A well settled rule concerning the presumption of sanity is that the law will presume sanity rather than insanity, and competency rather than incompetency. Also there is a presumption that every man is capable of managing his own affairs and is responsible for his own acts, and all proceedings testing the competency of a person to perform a certain act will start with a presumption of competency, which can be relied on until the contrary is shown." ("__Patient Consent - Mental Competency__", 25 ALR 3d para 2, 1440 (2002))

Voluntary Admission

Since the Plaintiff entered County Mental Health ("CMH") in October 1999 __voluntarily__, the "permissible construction" __cannot__ be that the Plaintiff was detained against his will, meaning the __use of the 5250 hold was in error.__

Dr. Cole, MD, the attending physician at the time, signed a 5250 form when the Plaintiff was admitted to CMH admission *for his own convenience,* not allowing time for the Plaintiff to fill out a Voluntary Request for Admission. His exact words were:

"I'm [Dr. Cole] too busy to wait for you [the Plaintiff] to fill out these forms. I have to be at another hospital. I'm just going to fill out this 5250 form to get you into the hospital and you [the Plaintiff] can fill out the Voluntary Request for Admission later." (See Exhibit J: __Letter from Dr. Cole, June 24, 2005__)

__A Civil Action for Loss of Property__

Voluntary Request for Admission later." (See Exhibit J:   Letter from Dr. Cole, June 24, 2005)

---

**Two days after Dr. Cole signed a 5250 form, CMH recorded the submission of a Voluntary Request for Admission from the Plaintiff. (See Letter from Dr. Cole, June 24, 2005)**

---

Commitment statutes which allow individuals to be committed voluntarily refelect a legislative purpose of encouraging the use of voluntary rather than coercive measures to secure treatment and care for an individual's mental illness. (In re Appeal of Mental Health Case No. MH 94-00592 (App), 182 Ariz 440 (1995)).  It has been said that an individual who voluntarily undertakes therapy is more likely to be rehabilitated than one who is required to undergo treatment involuntarily .  (Splett v. Splett, 143 Ill 2d 225 (1991)).

Furthermore, when an an individual is improperly involuntarily committed because he or she requested voluntary admision, the individual is entitled to have his or her hospital record amended to indicate that his or her commitment was voluntary rather than involuntary. (In re Blair (Dist Col App), 510 A2d 1048 (1986)).

Even where an individual has been involuntarily admitted, the individual may request a transfer to voluntary status. (In re R.L. (Vt), 657 A2d 180 (1995)).

13

**A Civil Action for Loss of Property**

This Voluntary Request for Admission submitted by the Plaintiff two days after admitted under a 5250 hold takes precedence over the existence of the hold. The Plaintiff's admission was <u>voluntary</u>, which nullifies the Firearms Unit and FBI contention of prohibition on the basis of the existence of the 5250 hold on the Plaintiff's record.

Therefore 18 USC 922(e)(4) has no application to the Plaintiff because (1) he has not been adjudicated a mental defective, and (2) he has not been committed to a mental institution. This court must overturn the FBI's denial of the Plaintiff's appeal, granting the Plaintiff posession of the subject firearm.

Whether or not the Plaintiff was committed to a mental hospital is actually not the defined issue of prohibitions. The issue is whether the Plainitiff is currently capable and able to safely maintain and operate a firearm.

The FBI and Firearms Unit would have the court believe that once a person has been a patient in a mental institution, they must be classified as incapable of owning a firearm forever. Even if this were true, and it is not, there is no legal support for such a prejudicial, insulting conclusion.

The Plaintiff is not a danger to himself or others. He has not committed a felony. He was not committed to a mental institution. His rights are therefore  not to be violated by the FBI or the Firearms Unit on the basis of rumor, prejudice, or conclusory evaluations. The Plaintiff has the same capacities and rights of any other citizen, and is therefore entitled to possess the firearm.

14
**A Civil Action for Loss of Property**

These agencies <u>cannot</u> restrict ownership based on the Gun Law of 1968 or the Brady Bill, as neither bill restricts the ownership of a firearm for a lifetime based on on a citizen having sought psychiatric assistance at a mental institution.  The law simply does not hold that if a person once experienced a temporary need for psychiatric care, that they are assumed to remain defective for the rest of their lives.

There is therefore no application of 18 USC 922(e)(4) to the Plaintiff, and the prohibition exercised against the Plaintiff by the FBI and Firearms Unit for two years was improperly and unjustly applied.

## The government is in violation  of  28 USC 1346(b).

### Second Cause of Action

## Property

Per California State statute, personal property consists of things that are movable (Civ Code 657), and the term includes every kind of property that does not come within the statutory definition of real property.  (Civ Code 663).  There may be ownership of all inanimate things that are capable of appropriaion or manual delivery (Civ Code 655).  The use and therefore posession of the handgun bought and paid for by the Plaintiff obviously falls into a special category of property regulated by the State, but the fact that the Plaintiff owns the subject firearm is established by State statute.

**Regulation of Weapons**

Statutes regulating posession, carrying, and use of firearms (People v. Wells, 68 Cal. App. 2d 476 (3rd Dist 1945)) are settled as being a proper extension of the police power of the State (Galvan v. Superior Court of City and County of San Francisco, 70 Cal. 2d 851 (1969)) The Plaintiff's complaint is that the State improperly applied regulation of the weapon that is the Plaintiff's property, and the FBI's involvement in further miscreant regulation constitutes misconduct and violation of the Plaintiff's civil property and liberty rights.

Whereas the State is empowered to tailor regulation to specific communities (Suter v. City of Lafayette, 57 Cal. App 4th 1109 (1st Dist. 1997)), the moment the federal government becomes involved in weapons regulation the Second Amendment to the Constitution is present in the discussion. That the federal government cannot infringe on "the right of the people to keep and bear arms" is said to allow the legislature to regulate the manner of bearing arms, but restricts it from destroying the right altogether. (People v. Seale, 274 Cal. App. 2d 107 (1st Dist. 1969)).

Thus any federal law such as 18 USC 922, called upon to stand in as a federal regulation of firearm posession, has a far greater and significant weight than state statute. The federal government must tread with care in the light of a US Constitutional amendment that it does not exceed its power.

Recourse for the federal government's misuse of 18 USC 922 and

subsequent sharing of that law with the Firearms Unit as an excuse for

denying the Plaintiff posession of his property is found in the Federal Tort

Claims Act of 1946, **28 USC 1346(b)**. The improper prohibition led to

and is a proximate cause of the loss of use and enjoyment of the Plaintiff's

property.  This court must therefore recognize first that the FBI improperly

applied 18 USC 922 to the Plaintiff's circumstance, and that the logical

consequence of such misapplication violates 28 USC 1346(b).


28 USC 1346(b) states in pertinent part:


"[(b)]... the district courts...shall have exclusive jurisdiction of civil
actions on claims against the United States, for money damages, accruing
on and after January 1, 1945, **for injury or loss of property**, or personal
injury or death **caused by the negligent or wrongful act or omission of
any employee of the Government** while acting within the scope of his
office or employment, under circumstances where the United States, if a
private person, would be liable to the claimant in accordance with the law
of the place where the act or omission occurred." (emphasis added)  (28
USC 1346(b))


The 'wrongful act' of the government was that it interpreted and applied

interstate commerce law 18 USC 922(e)(4) improperly to the Plaintiff as a

"lifetime restriction" against owning a firearm.

The processes of the Firearms Unit and the FBI have delayed the rightful ownership of the Plaintiff's property for two years. The State of California and the United States are therefore in direct violation of 28 USC 1346(b) which would be enforceable in any local jurisdiction in San Diego County for the same loss of property against the government entities if the entities were private citizens. (Civ. Code 653, 655, 657)

## Money Damages

Jurisdiction for money damages for complaints filed against the federal government are exclusively granted to the District Courts (28 USCA 1346(b)(1)). Only money damages are contemplated by the Tort Claims Act. The Plaintiff seeks reasonable compensatory damages for loss of use of his property for two years in the amount of $12,000 against the State of California and $12,000 against the United States, calculated as follows: the Plaintiff asks for the approximate cost of the firearm denied him for each and every month it was denied in the amount approximated at $500/mo, which is taken to be 24 months, for both parties that prohibited his use and enjoyment of his property, namely the Firearms Unit and the FBI. This amount is considered to be reasonable and comparable to a monetary value of the loss and enjoyment of personal property of similar value. Damages are of course submitted for the court's discretion and include whatever further relief the court decides.

**CONCLUSION**

A decision by this court based on a subliminal preconceived notion that a person afflicted with bipolar disorder should not own a firearm is a travesty of justice and an affront to the law. This court should recognize that the Firearms Unit and the FBI have prohibited the Plaintiff from posession of a firearm on such prejudicial grounds, and have groped about for a law to support their unlawful decision.

Let not this court grope for 18 USC 922 as the agencies did, for that law does not support a lifetime prohibition, nor does the administrative laziness of Dr. Cole in his inappropriate entry of a 5250 hold which did not pertain to the Plaintiff, who was never involuntarily committed to a mental institution in the first place.

The court cannot help but take notice that two government agencies involved in regulating firearms did the exact opposite of the intent of the legislature in its enactment of the 1968 Gun Law, the Brady Bill, and the 1974 Gun Law, all of which promote the registration or licensing of firearms. That the Plaintiff persisted in his attempts to comply with weapon regulation for two years speaks to the character of one citizen trying to do the right thing *against the opposition of his own government.*

This court must conclude that there is no legal interpretation of any law that prohibits the Plaintiff from owning the firearm he purchased two years ago.  This court must also conclude that the improper interpretation by government agencies led to preventing the Plaintiff from use and enjoyment of his property for two years, and therefore grant the Plaintiff damages from the State of California and the United States under Federal Tort Claims Act 28 USD 1346(b).  The Plaintiff should be granted a Handgun Safety Certificate from the Firearms Unit within 10 days of this proceeding.

Verification

I, Michael Casey Carnohan, do declare under the laws of perjury for the State of California and the United States that I am the Plaintiff and a party to the above encaptioned action, and that the above is true and correct.

Respectfully submitted,

Michael Casey Carnohan, Plaintiff
Unrepresented Litigant

Jan 20, 2006.
Date

20
**A Civil Action for Loss of Property**

## PROOF OF SERVICE BY MAIL

I declare that my resident address is **743 Honeydew Ln, Vista, CA 92084**, in the County of San Diego, California.  I am over 18 yrs old and not a party to the case.

I further declare that I am readily familiar with the **Plaintiff's** practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business.

On **January 21, 2006,**  I caused the following documents to be served:

**APPLICATION TO PROCEED *IN FORMA PAUPAERIS* (CONFIDENTIAL, TO SOUTHERN DISTRICT COURT ONLY)**

**CIVIL COVER SHEET**
**COMPLAINT:  A CIVIL ACTION FOR LOSS OF PROPERTY,**
      **INCLUDING EXHIBITS A THROUGH J**
**SUMMONS FORMS**

by placing a true copy of each document in a separate envelope addressed to each addressee, respectively, as follows:

United States Attorney General
Main Justice Bldg
950 Pennsylvania Ave NW
Washington, DC  20530

Office of the United States Attorney General
880 Front St, Rm 6293
San Diego, CA  92101

Mr. Bill Lockyer
State of California Attorney General
110 West A Street, Suite 1100
PO Box 85266
San Diego, CA  92186-5266

I then sealed each envelope, and, with postage thereon fully pre-paid, deposited each in the United States Postal Service at Vista, CA. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Signed: *Jeanie Greene*   Date: *January 21, 2006*

Proof of Service

# TABLE OF EXHIBITS

EXHIBIT A        1

Jan 21, 2004 Letter to Johnson's Sporting Goods

EXHIBIT B        3

State of California Government Claim

EXHIBIT C        12

April 6, 2005 Letter from FBI

EXHIBIT D        31

July 26, 2005 Disposition from State Control Board

EXHIBIT E        33

Letter from FBI, April 06, 2005

EXHIBIT F        35

Federal Claim

EXHIBIT G        52

Letter From FBI, January 09, 2006

EXHIBIT H        55

Order Granding Plaintiff's Motion to Dismiss
Without Prejudice

EXHIBIT I        57

Notice of Dismissal, State of California

EXHIBIT J        60

Letter from Dr. Cole, June 24, 2005

# EXHIBIT A:

# LETTER TO JOHNSON'S SPORTING GOODS



*BILL LOCKYER*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

**FIREARMS DIVISION**
P.O. BOX 820200
SACRAMENTO, CA 94203-0200
Public: (916) 227-3703

Facsimile: (916) 227-3700
(916) 227-3752

January  21, 2004

JOHNSON'S SPORTING GOODS
202 N COAST HWY
OCEANSIDE,CA 92054

Re:  Dealer's Record of Sale Number: 330000629
     Dated: January  13, 2004
     Purchaser: MICHAEL CASEY CARNOHAN

Dear Firearms Dealer:

     You are hereby notified that the California Department of Justice records indicate that the above purchaser is a person not eligible to possess a firearm. Therefore, do not release the firearm to the purchaser.

     If you have any questions, please contact the Firearms Clearance Section at (916) 227-3752.

                              Sincerely,


                              BILL LOCKYER
                              Attorney General


cc: ATF - SAN FRANCISCO

    OCEANSIDE PD #1


EXHIBIT A
PAGE 2

# Exhibit B:

# Appeal of Denial of Application for Handgun Safety Certificate

```
***********************
***   TX REPORT   ***
***********************

TRANSMISSION OK

TX/RX NO              1655
RECIPIENT ADDRESS     13046250535
DESTINATION ID
ST. TIME              09/13 10:14
TIME USE              00'52
PAGES SENT            7
RESULT               OK
```

Michael Casey Carnohan,
Unrepresented Litigant
320 Pomelo Dr. #4
Vista, CA  92081
(760) 724-1745


# NATIONAL INSTANT CRIMINAL BACKGROUND CHECK SYSTEM

## APPEAL SERVICES UNIT

| | | |
|---|---|---|
| Michael Casey Carnohan; ) | Case No.: | OLDW-J5F |
|   Applicant ) | | |
| ) | Action Filed: | Sept 13, 2004 |
| ) | | |
| ) | | |
|      v. ) | | |
| ) | **APPEAL OF DENIAL OF** | |
| State of California ) | **APPLICATION FOR** | |
|   Firearms Division Denial Unit; ) | **HANDGUN SAFETY** | |
|   Respondent ) | **CERTIFICATE** | |
| ) | | |
| _____ ) | [18 USC 925A] | |

THE FIREARMS DENIAL REVIEW UNIT  has invoked Federal Law 18

USC 922(g)(4) as justification of a "lifetime restriction" against ownership

of a handgun by the Applicant.  The Appliant appeals the decision of the

Firearms Denial Review Unit.

EXHIBIT B

PAGE 4

Michael Casey Carnohan,
Unrepresented Litigant
320 Pomelo Dr. #4
Vista, CA  92081
(760) 724-1745

## NATIONAL INSTANT CRIMINAL BACKGROUND CHECK SYSTEM

## APPEAL SERVICES UNIT

| | | |
|---|---|---|
| Michael Casey Carnohan; )<br>  Applicant ) | Case No.: | OLDW-J5F |
| ) | Action Filed: | Sept 13, 2004 |
| ) | | |
| ) | | |
| v.                        ) | | |
| ) | | |
| )                         | **APPEAL OF DENIAL OF** | |
| State of California        ) | **APPLICATION FOR** | |
|  Firearms Division Denial Unit;  ) | **HANDGUN SAFETY** | |
|  Respondent                ) | **CERTIFICATE** | |
| ) | | |
| )                         | [18 USC 925A] | |

THE FIREARMS DENIAL REVIEW UNIT  has invoked Federal Law 18

USC 922(g)(4) as justification of a "lifetime restriction" against ownership

of a handgun by the Applicant.  The Appliant appeals the decision of the

Firearms Denial Review Unit.

1

## Memorandum of Points and Authorities

## BACKGROUND

The Applicant applied for a Handgun Safety Certificate on January 13, 2004.  The Firearms Division Denial Unit denied the Applicant's Certificate on the basis of the Applicant having been subjected to a 5250 hold approximately five years before the date of application.

The Firearms Division Denial Unit neglected to include the information that a 5250 hold is limited by five years.  When confronted with this information, the Firearms Division Unit insisted the Applicant was subject to "lifetime ownership restriction" per 18 USC 922(g)(4).

## ARGUMENT

**I.      Federal law 18 USC 922(g)(4) does not apply to the Applicant.**

Federal law restricting lifetime ownership of a handgun should use the language "lifetime restriction", or similar language within the body of the applicable section.  An issue as important as the ownership of a handgun should be clearly spelled out in the law, not inferred or implied by inapplicable law. (Plain Language Rule, 1974)

Federal law 18 USC 922(g)(4) is clearly an *interstate commerce law*, limiting the transfer of weapons across state lines under a number of restricting conditions.  There is no language in 18 USC 922(g)(4) to clearly indicate that an individual subjected to a past 5250 hold is restricted for their lifetime from owning a handgun.

2

Appeal of Firearms Division Denial Unit Decision

The Firearms Division Denial Unit has invoked a section of Federal Law that cannot be clearly interpreted or adequately inferred as a "lifetime restriction" on the ownership of a handgun to deny the Applicant ownership.

**II.    The term "adjucated as a mental defective" of 18 USC 922(g)(4) does not apply to the Applicant.**

The Applicant has never been adjudicated to be incompetent or a danger to himself or others.

The term "mental defective" is not found in common usage in the law; American Jurisprudence, for example, does not list the term under para. 1. "Definitions; kinds of mental impairments and treatments."

The term "mental defect" is defined as "A defect of the mind...a condition which is not considered capable of either improving or deteriorating..." (Durham v. United States, F2d 862), which medical records reviewed by the Firearms Division Denial Unit prove do not apply to the Applicant.

**III.    The language "committed to a mental institution" per 18 USC 922(g)(4) does not apply to the Applicant.**

"Committment to a mental institution" is characteristically associated with criminal charges and carries a degree of permanence based on a psychological examination. (90 ALR Fed, "Committment for examination under 18 USCS para 4247(b) of defendant for giving notice of intention to raise insanity defense to criminal charge", 903).

3

Committment is: "...[t]he delivery of a person under sentence of confinement to a jail or prison to the institution..." (Black's Law Dictionary, 225 (Bryan A. Garner, ed., 2nd Pocket Ed, West, 2001)

Without waiving the Psychiatrist/patient privelege (Evid Code 1010 et. seq.), the Applicant declares that he was detained on a fourteen day 5250 hold *by the decision of a psychiatrist*, which constitutes a *temporary* detention for observation and treatment, not a permanent committment to a mental institution in any way connected with criminal prosecution.

Therefore the language "committed to an institution" of 18 USC 922(g)(4) does not apply to the applicant.

## IV.    The Firearms Division Denial Unit has abrogated the Applicant's United States Constitutional rights.

"A well-regulated Militia, being necessary to the security of a free state, the right of the people to keep and bear Arms, shall not be infringed." (U.S. Const Art. II)

This article has been loosely construed to guarantee the right of ownership of citizens of specified handguns for self defense. (Citation omitted).

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." (U.S. Const. Art. XIV)

The Firearms Division Denial Unit has applied the law unequally to the Applicant by unfair and unreasonable classification of the Applicant.

4

## V. The denial of the Applicant's Certificate by the Firearms Division Denial Unit is actionable.

The Firearms Division Denial Unit is clearly substituting policy for the law. Such attitutes as "if a person has ever been in a mental hospital, they don't deserve to own a gun", and "we can find some way to keep this guy from owning a gun because he once had psychiatric help" are personal prejudices, and have no legal support.

By using an inappliable statute to attempt to impose a lifetime restriction on ownership of a handgun by the Applicant, the Firearms Division Denial Unit betrays the engagement in prejudice, and a substitution of ad hoc policy for the law.

Prejudicial substitution of policy for the law is a heinous disregard for justice, and is actionable against the state for damages and equitable relief (termination of employees exhibiting prejudicial attitudes). Failure of the Firearms Division Denial Unit to adhere to to the law will not be tolerated.

### CONCLUSION

The occasion of the Applicant to receive psychological assistance through an institution five years ago does not constitute a "lifetime restriction" on the Applicant's ownership of a handgun. The Applicant has complied with the required waiting period, and the Court has no legal means to prevent him from owning a handgun. The use of Federal Law to attempt to restrict the Applicant's Certificate is improper and inapplicable, and should be denied with prejudice.

5

Verification

I, Michael Casey Carnohan, do declare that I am a party to this action, and declare that under the laws of perjury of the State of California that the foregoing is true and correct, and that I could testify competently to the matter if called upon to do so.

Respectfully submitted,

*Michael Casey Carnohan*

Michael Casey Carnohan, Applicant
Unrepresented Litigant

SEPT 13, 2004
Date

6

1
2
3

## PROOF OF SERVICE BY FAXSIMILE

4
5
6

(CCP 1013a(1) & 3 & 1005 & Local Rules, Division II, Rule 6.7)
*Michael Casey Carnohan v. The Home Depot*
Case No: **OLDW-J5F**

7
8

I declare that my resident address is **320 Pomelo Dr #4, Vista, CA. 92081**. I am over 18 yrs old and not a party to the case.

9
10
11

I further declare that I am readily familiar with the **Applicant's** practice for collection and processing of correspondence for correspondence via Faxsimile, and that the correspondence shall be transmitted  this same day in the ordinary course of business.

12
13

On **September 13, 2004**, I caused the following documents to be filed and served:

14

**APPEAL OF DENIAL OF APPLICATION FOR HANDGUN SAFETY CERTIFICATE**

15
16

National Instant Criminal Bakground Check System
Appeal Services Unit

17

Fax: 1-304-625-0535

18
19
20

Bob Saito
Firearms Division
PO. Box 820200
Sacramento,CA  94203-0200

21
22

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23
24

Signed _____  Date: 9/13/2004

25
26
27
28

---

Proof of Service

# EXHIBIT C:

# STATE GOVERNMENT CLAIM

EXHIBIT C  PAGE 12

State of California
Board of Control

# GOVERNMENT CLAIM

SBOC-GC-0002 (Rev. 6/00)

**Please read "Instructions for Filing a Claim"**

If you are filing this claim beyond six months from the incident date, please see instructions for filing a late claim application on the opposite page.

G_____

## Section 1: Claimant Information

Name of Claimant
MICHAEL CASEY CARNUHAN

Telephone Number (include area code)
(760) 724-1745

Mailing Address
743 HONEYDEW LN

City
VISTA

State
CA

Zip Code
92084

## Section 2: Claim Information

Is the claim filed on behalf of a minor? ☐ Yes ☒ No  If yes, please indicate: Relationship to the minor_____ Date of birth of the minor_____

| | |
|---|---|
| Name of State Agency against which this claim is filed<br>FIREARMS DIVISION | Incident Date    Dollar Amount of Claim<br>Month 1 Day 13 Yr. 2004 $582 COMPENSATORY |
| If the amount exceeds $10,000, indicate type of civil case:<br>☒ Limited Civil Case   ☒ Non-Limited Civil Case | Explain how the dollar amount claimed was computed. (Attach three copies of the supporting documentation for the amount claimed with this form.) + UNKNOWN |
| Describe the specific damage or injury incurred as a result of the incident. | |
| PLAINTIFF CLAIMS DAMAGES FOR ADMINISTRATIVE TORT LIABILITY FOR FIREARMS DIVISION FALSELY DENYING POSESSION OF HANDGUN. | Location of the incident (If applicable, include street address, city or county, highway number, post mile number and direction of travel.)<br>N/A |
| | Preferred Hearing Location (If an appearance is necessary):<br>☐ Sacramento ☐ Los Angeles<br>☐ Oakland ☒ San Diego |

Explain the circumstances that led to the alleged damage or injury. State all facts that support your claim against the State of California, and why you believe the State is responsible for the alleged damage, or injury. If known, provide the name(s) of the State employee(s) who allegedly caused the injury, damage or loss. (If more space is needed, please attach additional sheets.)

PLEASE SEE ATTACHED PLEADING.

EXHIBIT C PAGE 13

State of California
Board of Control

# GOVERNMENT CLAIM

SBOC-GC-0002 (Rev. 6/00) Reverse

*Submit completed claim form and three copies to:*
**STATE BOARD OF CONTROL**
**GOVERNMENT CLAIMS BRANCH**
**P.O. Box 3035**
**Sacramento, CA 95812-3035**

## Section 3: Insurance Information (must be completed if claim involves a motor vehicle)

| Has the claim for the alleged damage/injury been filed or will it be filed with your insurance carrier?  ☐ Yes  ☒ No | Policy Number  N/A | Telephone number (include area code)  ( )  N/A |
|---|---|---|

| Mailing Address  N/A | City  N/A | State  N/A | Zip Code  N/A |
|---|---|---|---|

| Name of insurance carrier  N/A | Amount of Deductible  $  N/A |
|---|---|

| Are you the registered owner?  ☐ Yes  ☐ No  N/A | Make: ___N/A___  Model: __N/A__  Year: __N/A__ |
|---|---|

## Section 4: FOR STATE AGENCY USE ONLY (must be completed by the State agency presenting claim)

| Name of State agency | Budget Act Appropriation or Item Number and the appropriate Schedule if applicable.  Name of fund or account |
|---|---|

| Name of agency budget officer or representative | Title | CALNET Number |
|---|---|---|

| Signature of agency budget officer or representative | Date |
|---|---|

## Section 5: Representative Information (must be completed if claim is being filed by an attorney or authorized representative)

| Name of Attorney/Representative  NONE | Telephone Number (include area code)  ( )  N/A |
|---|---|

| Mailing Address  N/A | City  N/A | State | Zip  N/A |
|---|---|---|---|

## Section 6: Notice and Signature

Section 72 of the Penal Code provides that "every person who, with intent to defraud, presents for allowance or for payment to any State Board or Officer, or to any county, town, city, district, ward, or village, board or officer, authorized to allow or pay the same if genuine, any false or fraudulent claim, bill, account, voucher, or writing, is guilty of a felony."

*Michael Casey Carnohan*                    MAY 26, 2005

| Signature of Claimant | Date |
|---|---|

NONE

| Signature of Attorney/Representative | Date |
|---|---|

EXHIBIT C  PAGE 14

**Michael Casey Carnohan**
♦ 743 Honeydew Ln ♦ Vista, CA  92084
(760) 724-1745

May 26, 2005

re:  Michael Casey Carnohan vs. the United States, et. al.
Applicant's NTN: 0NWRK8F

To Whom it Concerns:

The dollar amount of claim was computed per receipt of weapon purchased as $582.  This is a compensatory damage, and does not include possible punitive damages against the State of California for tort damages.

Signed,

*Michael Casey Carnohan*

Michael Casey Carnohan
Unrepresented Litigant

EXHIBIT C  PAGE 15

**Michael Casey Carnohan**
♦743 Honeydew Ln ♦ Vista, CA 92084
(760) 724-1745

May 26, 2005

re:  Michael Casey Carnohan vs. the United States, et. al.
Applicant's NTN: 0NWRK8F

To Whom it Concerns:

The dollar amount of claim was computed per receipt of weapon purchased as $582. This is a compensatory damage, and does not include possible punitive damages against the State of California for tort damages.

Signed,

*Michael Casey Carnohan*

Michael Casey Carnohan
Unrepresented Litigant

EXHIBIT C  PAGE 16

Michael Casey Carnohan,
Unrepresented Litigant
743 Honeydew Ln
Vista, CA  92084
(760) 724-1745

### STATE OF CALIFORNIA

### WEAPONS DENIAL UNIT

Michael Casey Carnohan;  )
 Petitioner     )
        )
   v.      )
        )
The United States, et. al.  )
 Respondent    ) **ATTACHMENT TO**
        ) **STATE  GOVERNMENT**
        ) **CLAIM FOR CIVIL ACTION**
_____ )

### BACKGROUND

Since at least 1934 in the United States, layers of legislation regulating

weapons has been introduced and incorporated as law in an attempt to

reduce crimes involving weapons.  The latest of these has been the Gun

Control Act of 1968, codified in the United States Code as 18 USC 44, the

Brady Handgun Violence prevention act ("Brady Bill"), Publ L. 103-159,

107, Stat 1536 (1993), and the 1974 Violent Crime Control Act.  These

acts were sponsored in response to specific acts of violence:  the Gun

Control Act in response to the assassination of JFK, Bobby Kennedy, and

Martin Luther King, Jr.;

1

**Michael Casey Carnohan**
◆743 Honeydew Ln ◆ Vista, CA 92084
(760) 724-1745

May 26, 2005

re: <u>Michael Casey Carnohan vs. the United States, et. al.</u>
Applicant's NTN: 0NWRK8F

To Whom it Concerns:

The dollar amount of claim was computed per receipt of weapon purchased as
$582. This is a compensatory damage, and does not include possible punitive
damages against the State of California for tort damages.

Signed,

*Michael Casey Carnohan*

Michael Casey Carnohan
Unrepresented Litigant

EXHIBIT C PAGE 17

the Brady Bill in response to an assassination attempt on President Regan that left his staff member Bill Brady disabled for life by a stray bullet, and the 1974 Violent Control Act.

It is of significance that gun control laws have been written as a consequence of outrage and hysteria, at the occasion of violence against high level government officials, and generally do not reflect a need for regulation of the average American.  Nonetheless, the current government and law enforcement attitude in this country continues to adhere to the misconception that the weapon, not the person holding it, commits the crime.  It is undeniable that specific special interests believe that regulating weapons regulates criminal intent, which would be true if the entire populace was confined to a straight-jacket or any reasonable facsimile of incarceration.

Were the government to require the Plaintiff to eat a bar of soap every day for no reason *by law*, the Plaintiff would do so as a law abiding citizen, and therefore the Plaintiff has every intent of complying with all law applicable to the possession of a firearm.  In fact, if there *was* a law that stated specifically that an involuntary 5250 14 day hold constituted a lifetime restriction on ownership of a firearm, the Plaintiff would gladly comply, as any patriot would.  Such a law simply does not exist.

Among the layers of gun control laws, not one law uses the language "lifetime prohibition" any more than any law requires citizens to consume a daily dose of soap.

2

## PLAINTIFF'S CLAIM

### Introduction.

State law requires a claimant present an administrative tort claim to the appropriate state agency within two years of the claim.   If the state agency fails to provide a satisfactory remedy of the claim in six months from the date of submission of the claim, the claimant may submit a complaint for review in Federal District jurisdiction.

The attached letter pertaining to Firearm Denial Appeal Review dated April 6, 2006 signed by Eugene Donaldson, Section Chief, and Charles S. Hornberger, Supervisory Legal Instruments Examiner, is taken as the definitive denial by the National Instant Criminal Division/FBI Appeals Unit/Department of Justice setting the date of prohibition of ownership of a firearm of the Plaintiff by the Weapons Denial Unit.  The Plaintiff attempted to purchase a firearm on January 13, 2004.

The Weapons Denial Unit has denied the Plaintiff's possession on the basis of 18 USC 922(g)(4).  The full text of the subject section reads as follows:

"(a) It shall be unlawful - (1) for any person (A) except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing or dealing in firearms...[(B)] the manufacture of such ammunition for the purpose of exportation...[(B)] this paragraph shall not be held to preclude a licensed importer, licensed manufacturer, or licensed dealer depositing a firearm for conveyance in the mails...[(B)] the manufacture of such ammunition for the purpose of exportation..

3

[(2) It shall be unlawful for any common or contract carrier to deliver in **interstate or foreign commerce** without obtaining written acknowledgement of receipt of the package or other container in which there is a firearm.  (g)  It shall be unlawful for any person - [(4)] who has been **adjudicated** as a mental defective or who has been **committed to a mental institution.**" (emphasis added) (USC Title 18 section 922)

The Weapons Denial Unit has based its denial of the Plaintiff's appeal on the existence of a 14 day involuntary 5250 hold in October 1999 applied to the Plaintiff on the administrative authority of a staff psychiatrist at County Mental Health, San Diego, California.  The presumption of the Weapons Denial Unit is that the 5250 hold constitutes a "commitment to a mental institution" in satisfaction of the language of 18 USC 922(e)(4).

**Plaintiff's Claim and Argument.**

The Plaintiff reveals the following confidential information for strict use of consideration of this claim.  None but those involved in this claim are authorized to read it.  This is per psychotherapist/patient privilege (Cal Evid Code 1010 et. seq.), which means that the Plaintiff may reclaim the privilege, and the following information will be <u>inadmissible in court</u>

<u>Confidential information begins here</u>:  the Plaintiff has congenital bipolar disorder which was diagnosed twenty-five years ago and which he has managed successfully without the deviation from a normal life.  He is able to work, function within all typical social parameters, and his disorder is apparently a mild case, due to the inability of any individual to detect that he has the disorder unless he reveals it to the individual personally.  He suffers no impairment of judgment or abberations of behavior.

4

He has been under constant care of both a psychologist and medical personnel to monitor his medication for over twenty years, without involvement in criminal or violent activities during that time.

The Plaintiff has had minimal presentations of bipolar episodes. The nature of the episodes are neither violent nor threatening to himself or others, but typically present as an inability of the Plaintiff to sleep.

In October 1999, after being unable to sleep more than one or two hours a night for two months, the Plaintiff voluntarily admitted himself to County Mental Health for assistance. The admission was a voluntary 5250 hold. After 14 days of no progress, the Plaintiff agreed with the his psychiatrist that it would be appropriate for him to continue treatment for another 14 days. **The Psychiatrist signed the involuntary 5250 hold as a matter of administrative course**, as the psychiatrist was at another facility and it was inconvenient for the Plaintiff to sign the 5250 hold voluntarily. The Plaintiff would have signed the second 5250 hold voluntarily **had he had the opportunity to do so.** The Plaintiff did not resist voluntarily signing a second voluntary 5250 hold, as he was well aware of the lack of progress of his condition.

5

The Plaintiff maintains that the administrative convenience of the psychiatrist in charge of his case to sign an involuntary 5250 hold constitutes an accidental occurance without significance to the Plaintiff's mental state at any time and does not constitute "commitment to a mental institution", and that the Plaintiff's bipolar episode does not qualify him as being a danger to himself and others, especially more than five years later.

Further, although the language of Health and Welfare 5250 mentions "intensive treatment", the disposition of the Plaintiff's episode was simply for it to run it's course, and eventually disappear under the continued treatment of lithium. The treatment of lithium for bipolar disorder is far from "intensive", has been standard for at least 50 years and once again contradicts the rote assumptions of the Weapons Denial Unit that the existence of an involuntary 5250 hold is dispositive to prohibition of posession of a weapon. **Confidential information ends here.**

The essence of the Plaintiff's use of County Mental Health facilities in October, 1999 was to obtain psychiatric assistance in a disorder that prevented him from sleeping. The Weapons Denial Unit has taken this occasion as an automatic reason for prohibition. This approach is conclusory and prejudicial. The Plaintiff has therefore sought review by the Federal District, and will do so again absent administrative resolution by the Weapons Denial Unit.

6

The Plaintiff maintains he has no mental defect, that he has every right to choose a firearm as a means of self-protection and sport entertainment, unfettered by the undiscerning eye of the State.

The US Attorney agrees. She states that "permissible construction" of the judiciary (Sec B:6) is required to decide whether the 5250 hold constitutes "committment to an institution", in light of the fact that *the law does not define length of time as a qualifier for "commitment."*

A "permissible construction" must be in concert with the law, and in the absence of a specific definition of time required to classify a stay in a mental institution as a "commitment', the construction favors the Plaintiff. The Plaintiff was not committed to a mental institution, and therefore the 18 USC 922(e)(4) prohibition does not apply to the Plaintiff.
The Weapons Denial Unit has made a blind determination, without application of intelligence or even factual information. The fact that the Plaintiff has a 5250 hold on his record is in truth a document signed for the psychiatrist' convenience that could just have easily been a *voluntary* hold.

Speculating the outcome of adjucation of this case, the reality of the situation is that the judge will probably make an *ad hoc* evaluation of the Plaintiff's character and demeanor, and on the basis of his or her judgment as to whether the Plaintiff appears a threat to himself or others at the time of adjudication, will decide the applicability of the 5250 hold to 18 USC 922(e)(4). The Plaintiff doesn't worry, because he isn't crazy.

7

The Weapons Denial Unit must consider in its correspondence with the Plaintiff *since January 13, 2004*, if there has been any indication or information that indicates the Plaintiff lacks the cognizance, intellect, or mental stability to demonstrate responsibility for the ownership of a handgun, and if so, bring it forward.

*The fact is that the Plaintiff has owned weapons all of his life, and has never failed to handle them responsibly or in a safe manner.* The Plaintiff is a qualified expert with a .45, an M1, and an M16. His continued ownership of weapons since he was eleven years old is evidence of an appreciation and respect for the safety of all weapons, and therefore makes the denial by the Weapons Denial Unit for posession of the subject weapon of great concern.

US Constitution Fourteenth Amendment rights

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." (*U.S. Const.* Art. XIV)

The Weapons Denial Unit has deprived the Plaintiff of property without due process of law. The Defendant fails to uphold due process by the improper application of 18 USC 922, as well as by abridging the liberty interest of the Plaintiff by improper prohibition of his liberty to make choices that affect his happiness.

8

Absent administrative remedy by the Weapons Denial Unit, the Plaintiff

has grounds for a civil complaint in Federal District court, and will file a

complaint in six months or less, depending on response from the Weapons

Denial Unit,  from the date of submission of this claim,  under the

Government Tort Claims Act for violation of US Constitutional

Amendment XIV, and other actions as they may apply.

## CONCLUSION

The use of the services of a psychiatrist and/or psychiatric facilities is

inadequate and inconclusive evidence that a person who avails himself of

those services is lacking in judgment or dangerous.  Nowhere in the law

does it say a citizen may not posess a weapon if he or she has ever had the

occasion to seek counseling.  The Weapons Denial Unit refuses to

acknowledge that there is as much stigma attached to availing oneself of

psychiatric services as there is to availing oneself of a general practioner

for a broken arm.


The real issue at hand is whether involvment with a psychiatrist

demonstrates mental weakness, incompetence, or bad judgment.  This is

simply not true in all cases.  In fact the opposite is often true, as

demonstrated by the mandatory involvement of law enforcement officers

with psychiatric staff after traumatic events or shootings:  those persons

who seek psychiatric assistance are more likely to resolve personal

problems potentially affecting their judgment and increase their mental

stability.

9



**U.S. Department of Justice**

Federal Bureau of Investigation

---

Clarksburg, WV 26306

April 6, 2005

Mr. Michael Casey Carnohan
Number Four
320 Pomelo Drive
Vista, CA  92081

SUBJECT:   Firearm Denial Appeal Review
           National Instant Criminal Background
           Check System Transaction Number (NTN)-0NWRK8F

Dear Mr. Carnohan:

        This letter is in response to your recent inquiry
received by the FBI National Instant Criminal Background Check
System (NICS) Section.  You were previously advised in our letter
dated February 2, 2005, that **no further action can be taken by the
FBI NICS Section until the corrections are received directly from
those agencies.**  As of this date, the NICS Section Appeal Services
Team has received no notification from the state of California that
its criminal history record as maintained on you has been modified.
Therefore, your appeal is concluded and **no further action will be
taken.**

                              Sincerely yours,

                              Eugene W. Donaldson
                              Section Chief
                              NICS Section
                              Criminal Justice Information
                                Services Division

                              By: _____
                                  Charles S. Hornberger
                                  Supervisory Legal
                                  Instruments Examiner

EXHIBIT C  PAGE 28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE BY MAIL

re:  Michael Casey Carnohan vs. the United States, et. al.
Applicant's NTN: 0NWRK8F

I declare that my resident address is **743 Honeydew Ln, Vista, CA
92084**, in the County of San Diego, California.  I am over 18 yrs old and
not a party to the case.

I further declare that I am readily familiar with the **Plaintiff's** practice for
collection and processing of correspondence for mailing with the United
States Postal Service; and that the correspondence shall be deposited with
the United States Postal Service this same day in the ordinary course of
business.

On May 26, 2005,  I caused the following documents to be served:

**ADMINISTRATIVE CLAIM AND ATTACHMENT**

by placing a true copy of each document in a separate envelope addressed
to each addressee, respectively, as follows:

Carol C. Lam, United States Attorney
Beth L. Levine, Assistant US Attorney
880 Front St, Rm 6293
San Diego, CA  92101-8893

Office of the United States Attorney General
Main Justice Bldg
950 Pennsylvania Ave NW
Washington, DC  20530

Mr. Bill Lockyer
State of California Attorney General
110 West A Street, Suite 1100
PO Box 85266
San Diego, CA  92186-5266

FBI Appeal Unit
Federal Bureau of Investigation
1000 Custer Hollow Road
Clarksburg, WV  26306-0001

Proof of Service

EXHIBIT C  PAGE 29

1

2

3   Firearms Division
    PO Box 820200
4   Sacramento, CA  94203-0200

5   I then sealed each envelope, and, with postage thereon fully pre-paid,
    deposited each in the United States Postal Service at Vista, CA.  I declare
6   under penalty of perjury under the laws of the State of California that the
    foregoing is true and correct.
7

8   Signed: _Jeanie Greene_   Date: _May 26, 2005_

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Proof of Service

EXHIBIT C  PAGE 30

1

2   Even if the Plaintiff is prohibited from ownership of a firearm on the basis

3   of having used psychiatric services, *all* citizens ever having had the

4   occasion to see a counselor must not be allowed to own a firearm for the

5   same reason.

6

7   The Weapons Denial Unit recognizes documentation, but has not

8   interpreted it correctly.   The Weapons Denial Unit's decision is

9   conclusory, without application of intelligent discernment.  Whether the

10   so-called involuntary 5250 hold on the Plaintiff constitutes a lifetime

11   restriction is a matter of interpretation, and the Weapons Denial Unit has

12   accepted the wrong interpretation.  The only acceptable administrative

13   solution is for the Weapons Denial Unit to graduate to the understanding

14   that things are not always as they seem, and reverse its prohibition of the

15   possession of the subject weapon of the Plaintiff.

16

17                    Respectfully submitted,

18                    Michael Casey Carnohan, Plaintiff
                     Unrepresented Litigant

19

20                         *MAY 26, 2005*

21   Date

22

23

24

25

26

27

28                              10

# EXHIBIT D:

# STATE CONTROL BOARD DECISION

# JULY 26, 2005

STATE OF CALIFORNIA

ARNOLD SCHWARZENEGGER, Governor

**VICTIM COMPENSATION AND GOVERNMENT CLAIMS BOARD**
GOVERNMENT CLAIMS DIVISION
P O BOX 3035
SACRAMENTO, CALIFORNIA 95812-3035
Toll Free Number: 1-800-955-0045  Fax Number: (916) 323-5766
Internet: www.vcgcb.ca.gov

FRED AGUIAR
Secretary
State and Consumer Services Agency
And Chairperson

STEVE WESTLY
State Controller
State Controller's Office
And Board Member

MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member

KAREN McGAGIN
Executive Officer

Michael Casey Carnohan
743 Honeydew Ln
Vista, CA  92084

July 26, 2005

RE:  Claim G555390 for Michael Casey Carnohan
     Tort claim for No Jurisdiction, Not a State Agency

Dear Michael Carnohan,

The Victim Compensation and Government Claims Board (Board ) received your claim on July 05, 2005.

We have reviewed your claim and determined that the Board  has no jurisdiction to consider the claim for the following reason(s):

The entity that you allege caused the damages or injuries is not a State Government Agency.

PLEASE NOTE:  The Board has no jurisdiction over the U.S. Department of Justice Federal Bureau of Investigation or any Federal entities.

Your claim was filed more than one year from the date of the incident that is the basis of the claim, and it is too late for the Board to consider an application to present a late claim.

The Board  will take no further action on your claim. If you have questions about this matter, please mention letter reference 47 and claim number G555390 when you call or write your claim technician or analyst at (800) 955-0045.

Sincerely,

Government Claims Branch
Victim Compensation and Government Claims Board

cc:  GCB Staff

Ltr 47 No Jurisdiction

EXHIBIT D  PAGE 32

# EXHIBIT E:

# LETTER FROM FBI,

# APRIL 06, 2005



**U.S. Department of Justice**

Federal Bureau of Investigation

Clarksburg, WV 26306

April 6, 2005

Mr. Michael Casey Carnohan
Number Four
320 Pomelo Drive
Vista, CA  92081

SUBJECT:   Firearm Denial Appeal Review
           National Instant Criminal Background
           Check System Transaction Number (NTN)-0NWRK8F

Dear Mr. Carnohan:

        This letter is in response to your recent inquiry
received by the FBI National Instant Criminal Background Check
System (NICS) Section.  You were previously advised in our letter
dated February 2, 2005, that **no further action can be taken by the
FBI NICS Section until the corrections are received directly from
those agencies**.  As of this date, the NICS Section Appeal Services
Team has received no notification from the state of California that
its criminal history record as maintained on you has been modified.
Therefore, your appeal is concluded and **no further action will be
taken**.

                              Sincerely yours,

                              Eugene W. Donaldson
                              Section Chief
                              NICS Section
                              Criminal Justice Information
                                Services Division

                              By: _____
                                  Charles S. Hornberger
                                  Supervisory Legal
                                    Instruments Examiner

EXHIBIT E PAGE 34

# EXHIBIT F:

# FEDERAL CLAIM

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| FBI APPEAL UNIT, FBI 1000 Custer Hollow Rd Clarksburg, WV 26306-0001 | Michael Casey Carnohan 743 Honeyvew LN Vista, CA. 92084 |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 2/14/57 | 5. MARITAL STATUS SINGLE | 6. DATE AND DAY OF ACCIDENT JAN 13, 2004 | 7. TIME (A.M. OR P.M) 11:05 AM |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

THE PLANTIFF SUBMITS AN ADMINISTRATIVE TORT CLAIM BASED ON THE US CONSTITUTION AMENDMENT XIV, AND OTHER GOVERNMENT TORT CLAIMS AS THEY APPLY.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT(Number, street, city, State, and Zip Code)

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)

CLAIM NOT APPLICABLE TO DAMAGE OF PROPERTY

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

NONE

| 11. | WITNESSES | |
|---|---|---|
| NAME | | ADDRESS(Number, street, city, State, and Zip Code) |
| NONE | | NONE |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM(in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| NONE | NONE | NONE | $582 COMPENSATORY |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory 760-724-1746 | 14. DATE OF CLAIM MAY 26, 2005 |
|---|---|---|
| Michael Casey Carnohan | | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C.A. 3729.) | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States.  (See 18 U.S.C.A. 287.) |

95-108
Previous editions not usable

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

**Complete all items -- Insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT, THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

| to  Director, Torts Branch | and to the |
| Civil Division | Office of Management and Budget |
| U.S. Department of Justice | Paperwork Reduction Project (1105-0008) |
| Washington, DC  20530 | Washington, DC  20503 |

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☒ Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number. ☐ No

AUTO CLUB OF SO. CAL.
P.O. BOX 25001
SANTA ANA, CA, 92799-500)

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

NO,

17. If deductible, state amount

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*)

NONE

19. Do you carry public liability and property damage insurance? ☒ Yes, if yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*) ☐ No

SAME AS 15. ABOVE.

SF 95 (Rev. 7-85) BACK

\* U.S. GOVERNMENT PRINTING OFFICE: 1989--241-175

Michael Casey Carnohan,
Unrepresented Litigant
743 Honeydew Ln
Vista, CA  92084
(760) 724-1745


# FEDERAL BUREAU OF INVESTIGATION

## NICS APPEAL UNIT

| | |
|---|---|
| Michael Casey Carnohan;<br>  Petitioner<br><br>    v.<br><br>The United States, et. al.<br>  Respondent | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ATTACHMENT TO
FEDERAL GOVERNMENT
CLAIM FOR CIVIL ACTION**


## BACKGROUND

Since at least 1934 in the United States, layers of legislation regulating

weapons has been introduced and incorporated as law in an attempt to

reduce crimes involving weapons.  The latest of these has been the Gun

Control Act of 1968, codified in the United States Code as 18 USC 44, the

Brady Handgun Violence prevention act ("Brady Bill"), Publ L. 103-159,

107, Stat 1536 (1993), and the 1974 Violent Crime Control Act.  These

acts were sponsored in response to specific acts of violence:  the Gun

Control Act in response to the assassination of JFK, Bobby Kennedy, and

Martin Luther King, Jr.;

1

the Brady Bill in response to an assassination attempt on President Regan that left his staff member Bill Brady disabled for life by a stray bullet, and the 1974 Violent Control Act.

It is of significance that gun control laws have been written as a consequence of outrage and hysteria, at the occasion of violence against high level government officials, and generally do not reflect a need for regulation of the average American. Nonetheless, the current government and law enforcement attitude in this country continues to adhere to the misconception that the weapon, not the person holding it, commits the crime. It is undeniable that specific special interests believe that regulating weapons regulates criminal intent, which would be true if the entire populace was confined to a straight-jacket or any reasonable facsimile of incarceration.

Were the government to require the Plaintiff to eat a bar of soap every day for no reason *by law*, the Plaintiff would do so as a law abiding citizen, and therefore the Plaintiff has every intent of complying with all law applicable to the possession of a firearm. In fact, if there *was* a law that stated specifically that an involuntary 5250 14 day hold constituted a lifetime restriction on ownership of a firearm, the Plaintiff would gladly comply, as any patriot would. Such a law simply does not exist.

2

Attachment to Claim for Civil Action

EXHIBIT F  PAGE 39

Among the layers of gun control laws, not one law uses the language "lifetime prohibition" any more than any law requires citizens to consume a daily dose of soap.

## PLAINTIFF'S CLAIM

### Introduction.

Federal law 28 CFR 14, 28 USC 2401 and 28 USC section 2675(a) require a claimant present an administrative tort claim to the appropriate federal agency within two years of the claim.   If the federal agency fails to provide a satisfactory remedy of the claim in six months from the date of submission of the claim, the claimant may submit a complaint for review in Federal District jurisdiction.

The attached letter pertaining to Firearm Denial Appeal Review dated April 6, 2006 signed by Eugene Donaldson, Section Chief, and Charles S. Hornberger, Supervisory Legal Instruments Examiner, is taken as the definitive denial by the National Instant Criminal Division/FBI Appeals Unit/Department of Justice setting the date of prohibition of ownership of a firearm of the Plaintiff by the FBI NICS Appeal Unit.  The Plaintiff attempted to purchase a firearm on January 13, 2004.

3

1

2

3    The FBI Appeals Unit has denied the Plaintiff's appeal on the basis of 18

4    USC 922(g)(4).  The full text of the subject section reads as follows:

5    "(a) It shall be unlawful - (1) for any person (A) except a licensed
     importer, licensed manufacturer, or licensed dealer, to engage in the
6    business of importing, manufacturing or dealing in firearms...[(B)] the
     manufacture of such ammunition for the purpose of exportation...[(B)] this
7    paragraph shall not be held to preclude a licensed importer, licensed
     manufacturer, or licensed dealer depositing a firearm for conveyance in the
8    mails...[(B)] the manufacture of such ammunition for the purpose of
     exportation..
9

10
     [(2) It shall be unlawful for any common or contract carrier to deliver in
11   **interstate or foreign commerce** without obtaining written
     acknowledgement of receipt from the recipient of the package or other
12   container in which there is a firearm.  (g) It shall be unlawful for any
     person - [(4)] who has been **adjudicated** as a mental defective or who has
13   been **committed to a mental institution."** (emphasis added) (USC Title
     18 section 922)
14

15   The FBI Appeal Unit has based its denial of the Plaintiff's appeal on the

16   existence of a 14 day involuntary 5250 hold in October 1999 applied to the

17   Plaintiff on the administrative authority of a staff psychiatrist at County

18   Mental Health, San Diego, California.  The presumption of the FBI Appeal

19   Unit is that the 5250 hold constitutes a "commitment to a mental

20   institution" in satisfaction of the language of 18 USC 922(e)(4).

21

22

23

24

25

26

27                              4

28
─────────────────────────────────────────
                Attachment to Claim for Civil Action

                   EXHIBIT F  PAGE 41

**Plaintiff's Claim and Argument.**

The Plaintiff reveals the following confidential information for strict use of consideration of this claim. None but those involved in this claim are authorized to read it. This is per psychotherapist/patient privilege (Cal Evid Code 1010 et. seq.), which means that the Plaintiff may reclaim the privilege, and the following information will be <u>inadmissible in court</u>

**Confidential information begins here**: the Plaintiff has congenital bipolar disorder which was diagnosed twenty-five years ago and which he has managed successfully without the deviation from a normal life. He is able to work, function within all typical social parameters, and his disorder is apparently a mild case, due to the inability of any individual to detect that he has the disorder unless he reveals it to the individual personally. He suffers no impairment of judgment or abberations of behavior.

He has been under constant care of both a psychologist and medical personnel to monitor his medication for over twenty years, without involvement in criminal or violent activities during that time.

The Plaintiff has had minimal presentations of bipolar episodes. The nature of the episodes are neither violent nor threatening to himself or others, but typically present as an inability of the Plaintiff to sleep.

5

In October 1999, after being unable to sleep more than one or two hours a night for two months, the Plaintiff voluntarily admitted himself to County Mental Health for assistance.  The admission was a voluntary 5250 hold. After 14 days of no progress, the Plaintiff agreed with the his psychiatrist that it would be appropriate for him to continue treatment for another 14 days.  **The Psychiatrist signed the involuntary 5250 hold as a matter of administrative course**, as the psychiatrist was at another facility and it was inconvenient for the Plaintiff to sign the 5250 hold voluntarily.  The Plaintiff would have signed the second 5250 hold voluntarily **had he had the opportunity to do so.**   The Plaintiff did not resist voluntarily signing a second voluntary 5250 hold, as he was well aware of the lack of progress of his condition.

The Plaintiff maintains that the administrative convenience of the psychiatrist in charge of his case to sign an involuntary 5250 hold constitutes an accidental occurance without significance to the Plaintiff's mental state at any time and does not constitute "commitment to a mental institution", and that the Plaintiff's bipolar episode does not qualify him as being a danger to himself and others, especially more than five years later.

Further, although the language of Health and Welfare 5250 mentions "intensive treatment", the disposition of the Plaintiff's episode was simply for it to run it's course, and eventually disappear under the continued treatment of lithium.

6

The treatment of lithium for bipolar disorder is far from "intensive", has been standard for at least 50 years and once again contradicts the rote assumptions of the FBI Appeal Unit that the existence of an involuntary 5250 hold is dispositive to prohibition of posession of a weapon. **Confidential information ends here.**

The essence of the Plaintiff's use of County Mental Health facilities in October, 1999 was to obtain psychiatric assistance in a disorder that prevented him from sleeping. The FBI Appeals Unit has taken this occasion as an automatic reason for prohibition.   This approach is conclusory and prejudicial.  The Plaintiff has therefore sought review by the Federal District, and will do so again absent administrative resolution by the FBI Appeal Unit.

The Plaintiff maintains he has no mental defect, that he has every right to choose a firearm as a means of self-protection and sport entertainment, unfettered by the undiscerning eye of the FBI.

The US Attorney agrees.  She states that "permissible construction" of the judiciary (Sec B:6) is required to decide whether the 5250 hold constitutes "committment to an institution", in light of the fact that *the law does not define length of time as a qualifier for "commitment."*

7

A "permissible construction" must be in concert with the law, and in the absence of a specific definition of time required to classify a stay in a mental institution as a "commitment', the construction favors the Plaintiff. The Plaintiff was not committed to a mental institution, and therefore the 18 USC 922(e)(4) prohibition does not apply to the Plaintiff.

The FBI Appeal Unit has made a blind determination, without application of intelligence or even factual information.  The fact that the Plaintiff has a 5250 hold on *his record is in truth a document signed for the psychiatrist'* convenience that could just have easily been a *voluntary* hold.

Speculating the outcome of adjucation of this case, the reality of the situation is that the judge will probably make an *ad hoc* evaluation of the Plaintiff's character and demeanor, and on the basis of his or her judgment as to whether the Plaintiff appears a threat to himself or others at the time of adjudication, will decide the applicability of the 5250 hold to 18 USC 922(e)(4).   The Plaintiff doesn't worry, because he isn't crazy.

The FBI Appeal Unit must consider in its correspondence with the Plaintiff *since January 13, 2004*, if there has been any indication or information that indicates the Plaintiff lacks the cognizance, intellect, or mental stability to demonstrate responsibility for the ownership of a handgun, and if so, bring it forward.

8

The fact is that the Plaintiff has owned weapons all of his life, and has never failed to handle them responsibly or in a safe manner.  The Plaintiff is a qualified expert with a .45, an M1, and an M16.  His continued ownership of weapons since he was eleven years old is evidence of an appreciation and respect for the safety of all weapons, and therefore makes the denial by the FBI Appeal Unit for posession of the subject weapon of great concern.

US Constitution Fourteenth Amendment rights

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." (*U.S. Const.* Art. XIV)

The United States/Department of Justice/FBI Appeal Unit has deprived the Plaintiff of property without due process of law.  The Defendant fails to uphold due process by the improper application of 18 USC 922, as well as by abridging the liberty interest of the Plaintiff by improper prohibition of his liberty to make choices that affect his happiness.

Absent administrative remedy by the FBI Appeal Unit, the Plaintiff has grounds for a civil complaint in Federal District court, and will file a complaint in six months or less, depending on response from the FBI Appeal Unit,  from the date of submission of this claim,  under the Government Tort Claims Act for violation of US Constitutional Amendment XIV, and other actions as they may apply.

9

Attachment to Claim for Civil Action

EXHIBIT F PAGE 46

## CONCLUSION

The use of the services of a psychiatrist and/or psychiatric facilities is inadequate and inconclusive evidence that a person who avails himself of those services is lacking in judgment or dangerous. Nowhere in the law does it say a citizen may not posess a weapon if he or she has ever had the occasion to seek counseling. The FBI Appeal Unit refuses to acknowledge that there is as much stigma attached to availing oneself of psychiatric services as there is to availing oneself of a general practioner for a broken arm.

The real issue at hand is whether involvment with a psychiatrist demonstrates mental weakness, incompetence, or bad judgment. This is simply not true in all cases. In fact the opposite is often true, as demonstrated by the mandatory involvement of law enforcement officers with psychiatric staff after traumatic events or shootings: those persons who seek psychiatric assistance are more likely to resolve personal problems potentially affecting their judgment and increase their mental stability.

Even if the Plaintiff is prohibited from ownership of a firearm on the basis of having used psychiatric services, *all* citizens ever having had the occasion to see a counselor must not be allowed to own a firearm for the same reason.

10

The FBI Appeal Unit recognizes documentation, but has not interpreted it correctly.   The FBI Appeal Unit's decision is conclusory, without application of intelligent discernment.  Whether the so-called involuntary 5250 hold on the Planitiff constitutes a lifetime restriction is a matter of interpretation, and the FBI Appeal Unit has made the wrong interpretation. The only acceptable administrative solution is for the FBI Appeal Unit to graduate to the understanding that things are not always as they seem, and reverse its prohibition of the possession of the subject weapon of the Plaintiff.

Respectfully submitted,

Michael Casey Carnahan, Plaintiff
Unrepresented Litigant

MAY 26, 2005
Date

11

Attachment to Claim for Civil Action

EXHIBIT F PAGE 48



**U.S. Department of Justice**

Federal Bureau of Investigation

Clarksburg, WV 26306

April 6, 2005

Mr. Michael Casey Carnohan
Number Four
320 Pomelo Drive
Vista, CA  92081

SUBJECT:   Firearm Denial Appeal Review
           National Instant Criminal Background
           Check System Transaction Number (NTN)-0NWRK8F

Dear Mr. Carnohan:

        This letter is in response to your recent inquiry
received by the FBI National Instant Criminal Background Check
System (NICS) Section.  You were previously advised in our letter
dated February 2, 2005, that **no further action can be taken by the
FBI NICS Section until the corrections are received directly from
those agencies.**  As of this date, the NICS Section Appeal Services
Team has received no notification from the state of California that
its criminal history record as maintained on you has been modified.
Therefore, your appeal is concluded and **no further action will be
taken.**

                                  Sincerely yours,

                                  Eugene W. Donaldson
                                  Section Chief
                                  NICS Section
                                  Criminal Justice Information
                                    Services Division

                                  By: _____
                                      Charles S. Hornberger
                                      Supervisory Legal
                                      Instruments Examiner

EXHIBIT F PAGE 69

PROOF OF SERVICE BY MAIL

re:  Michael Casey Carnohan vs. the United States, et. al.
Applicant's NTN: 0NWRK8F

I declare that my resident address is **743 Honeydew Ln, Vista, CA 92084**, in the County of San Diego, California.  I am over 18 yrs old and not a party to the case.

I further declare that I am readily familiar with the **Plaintiff's** practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business.

On **May 26, 2005,** I caused the following documents to be served:

**ADMINISTRATIVE CLAIM AND ATTACHMENT**

by placing a true copy of each document in a separate envelope addressed to each addressee, respectively, as follows:

Carol C. Lam, United States Attorney
Beth L. Levine, Assistant US Attorney
880 Front St, Rm 6293
San Diego, CA  92101-8893

Office of the United States Attorney General
Main Justice Bldg
950 Pennsylvania Ave NW
Washington, DC  20530

Mr. Bill Lockyer
State of California Attorney General
110 West A Street, Suite 1100
PO Box 85266
San Diego, CA  92186-5266

FBI Appeal Unit
Federal Bureau of Investigation
1000 Custer Hollow Road
Clarksburg, WV  26306-0001

Firearms Division
PO Box 820200
Sacramento, CA  94203-0200

I then sealed each envelope, and, with postage thereon fully pre-paid, deposited each in the United States Postal Service at Vista, CA.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Signed: _Jeanie Greene_    Date: _May 26, 2005_

EXHIBIT F  PAGE 51

# EXHIBIT G:

# LETTER FROM FBI,

# JANUARY 09, 2006



**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D. C. 20535-0001

*Office of the General Counsel*                    January 9, 2006

<u>VIA CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>
<u>ARTICLE NO. 7000 0600 0027 8222 9221</u>

Michael Casey Carnohan
743 Honeydew Lane
Vista, CA 92084

RE:  <u>Administrative Claim (SF 95) of Michael Casey Carnohan, May 26, 2005</u>

Dear Mr. Carnohan:

The Standard Form 95, Claim for Damage, Injury or Death, submitted by you pursuant to the provisions of the Federal Tort Claims Act (FTCA), was received by this office for determination on September 24, 2005.  A copy of your administrative tort claim is enclosed.  In your Standard Form 95, you submit a claim for the sum certain of $582 in compensatory damages as a result of the denial of your attempted firearm purchase on January 13, 2004. Additionally, you allege that the FBI National Instant Criminal Background Check System (NICS) Section's review and decision "on the basis of 18 USC 922(g)(4)" of your appeal violated your rights under the "US Constitutional Amendment XIV, and other actions as they may apply." Please be advised that we have reviewed all information concerning this matter.  For the reasons explained below, we deny your administrative claim as not compensable.

First, the FTCA does not provide relief for claims alleging a violation of Constitutional rights.  28 U.S.C. § 1346(b).

Second, the FTCA is the exclusive remedy for *torts* committed by a federal employee acting within the scope of his or her employment.  Upon careful review of this matter, we find there is no evidence of negligence or a wrongful act or omission on the part of any employee of the FBI that would support your claim under the FTCA.  Additionally, we find no evidence of any intentional tort committed by a law enforcement officer of the FBI that would support your claim.

For these reasons, the administrative tort claim that you presented is denied.

Title 28 of the Code of Federal Regulations Section 14.9(a) requires us to inform you that if you are dissatisfied with our determination, suit may be filed against the United States in an appropriate United States District Court not later than six (6) months after the date of this letter.

Sincerely,

Nancy H. Wiegand
Associate General Counsel

Enclosure

-2-

EXHIBIT G PAGE 54

# Exhibit H:

# Order Granding Plaintiff's Motion to Dismiss Without Prejudice

# June 28, 2005

FILED

05 JUN 28 PM 3:31

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CASEY CARNOHAN,<br><br>                                Plaintiff,<br>      vs.<br><br>THE UNITED STATES,<br><br>                                Defendant. | CASE NO. 05cv329-BEN (WMC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE |

Plaintiff moves to dismiss without prejudice his action against the remaining defendant, the United States of America.

The motion is granted and the case is dismissed in its entirety, without prejudice.

IT IS SO ORDERED.

DATED: ___6/24/05___

_____
ROGER T. BENITEZ
United States District Judge

EXHIBIT H  PAGE 56        ENTERED ON 6-29-05        05cv329

# EXHIBIT I:

# NOTICE OF DISMISSAL

EXHIBIT I PAGE 57

Michael Casey Carnohan,
Unrepresented Litigant
743 Honeydew Ln
Vista, CA  92084
(760) 724-1745·

FILED

05 JUN 15 AM 10: 37

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

## U.S. DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

Michael Casey Carnohan;           )     Case No.:  05CV0329-BEN(WMC)
  Petitioner                      )
                       )     Honorable Roger T. Benitez
     v.                          )
                       )
The United States, et. al.;        )
  Respondent                      )
                       )     **NOTICE OF DISMISSAL;**
                       )     **STATE OF CALIFORNIA**
                       )
                       )     [Fed. R. Civ. P. 41(a)(1)]

THE PLAINTIFF HEREBY VOLUNTARILY WITHDRAWS from the

above captioned case against the State of California .  As the State has not

submitted an Answer to the Plaintiff's complaint, this withdrawel is

understood to be without prejudice, meaning the Plaintiff retains the right

to submit a complaint against the State at some future date within the

statute of limitations, indifferent to the approval of the Federal District

Court.

_Michael Casey Carnohan_
Michael Casey Carnohan, Plaintiff
Unrepresented Litigant

June 9, 2005
Date

IT IS SO ORDERED
DATED 6/13/05
_____
UNITED STATES DISTRICT JUDGE

ENTERED ON 6-17-05

EXHIBIT I PAGE 58

PROOF OF SERVICE BY MAIL

re: Michael Casey Carnohan vs. the United States, et. al.
Case No. 0CV93280BEN(WMc)

I declare that my resident address is **743 Honeydew Ln, Vista, CA 92084**, in the County of San Diego, California.  I am over 18 yrs old and not a party to the case.

I further declare that I am readily familiar with the **Plaintiff's** practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business.

On **June 9, 2005,** I caused the following documents to be served:

**NOTICE OF DISMISSAL:
STATE OF CALIFORNIA**

by placing a true copy of each document in a separate envelope addressed to each addressee, respectively, as follows:

Office of the United States Attorney General
Main Justice Bldg
950 Pennsylvania Ave NW
Washington, DC  20530

Office of the United States Attorney General
880 Front St, Rm 6293
San Diego, CA  92101

Mr. Bill Lockyer
State of California Attorney General
110 West A Street, Suite 1100
PO Box 85266
San Diego, CA  92186-5266

I then sealed each envelope, and, with postage thereon fully pre-paid, deposited each in the United States Postal Service at Vista, CA.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Signed: _Jeanie Greene_    Date: _June 9, 2005_

EXHIBIT I PAGE 59

# EXHIBIT J:

# LETTER FROM DR. COLE

# JUNE 24, 2005



# County of San Diego

|  | HEALTH AND HUMAN SERVICES AGENCY |  |
|---|---|---|
| JEAN M. SHEPARD<br>ACTING DIRECTOR |  |  |
|  | CHILDREN'S MENTAL HEALTH SERVICES<br>ADULT/OLDER ADULT MENTAL HEALTH SERVICES<br>P.O. Box 85524<br>San Diego, CA 92186-5524<br>(619) 563-2750/2700 • FAX (619) 563-2775/2705 | MEDICAL RECORD SERVICES<br>(619) 692-5700 EXT. 3<br>FAX (619) 692-5729 |
| ALFREDO AGUIRRE<br>CHILDREN'S MENTAL HEALTH SERVICES<br>DIRECTOR<br>ADULT AND OLDER ADULT MENTAL HEALTH SERVICES<br>ACTING DIRECTOR |  |  |

June 24, 2005

Mr. Michael Casey Carnohan
743 Honeydew Lane
Vista,  CA  92084

Dear Mr. Carnohan,

This is in response to your letter dated June 12, 2005. After review of your medical records, the documentation confirms the following:

- You were admitted to the San Diego County Psychiatric Hospital on 9/23/99 with a 5150 hold as being a danger to others and gravely disabled.
- On 9/26/99, you were certified for a 14-day hospitalization.,
- On 9/28/99 after 2 days of treatments,  you signed a Request for Voluntary Admission.
- On 9/29/99, you were again certified as being a danger to others and gravely disabled.
- On 10/7/99, a Temporary Conservator was appointed to you.

I understand your need and interest to develop a hobby, however the documentation during your hospital stay supports my decisions.

Yours truly,

Stephen Cole, M.D.

EXHIBIT J PAGE 61

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MICHAEL CASEY CARNOHAN
UNREPRESENTED LITIGANT

**DEFENDANTS**

THE UNITED STATES, AND
THE STATE OF CALIFORNIA

(b) County of Residence of First Listed Plaintiff   SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   SAN DIEGO  FILED
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

JAN 2 3 2006

(c) Attorney's (Firm Name, Address, and Telephone Number)
743 HONEYDEW LN., VISTA, CA. 92084
760-724-1746

Attorneys (If Known)
US ATTY GENL
CA STATE ATTY GENL

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

06 CV 124 LAB (BLM)

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☒ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☒ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1346 (b) FEDERAL TORT CLAIMS ACT

Brief description of cause: LOSS OF PROPERTY DUE TO MISAPPLICATION OF 18 USC 922(e)(4)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE ____   DOCKET NUMBER ____

DATE   JAN 24, 2006

SIGNATURE OF ATTORNEY OF RECORD   Michael Casey Carnohan   + UNREPRESENTED LITIGANT

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____